U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
SEP 3 0 2026
AT ____ O'CLOCK ____
John M. Domurad, Clerk - Albany

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DANIEL PINKOWSKI , DONNA PINKOWSKI
**Plaintiff(s)**

**vs.**

CITY OF GLENS FALLS,NY G.A
**Defendant(s)**

**Civil Case No.:** 1:26-cv-1858 (AMN/CBF)

**COMPLAINT PURSUANT TO THE AMERICANS WITH DISABILITIES ACT**

Plaintiff(s) demand(s) a trial by: ☑ JURY ☐ COURT (Select **only** one).

Plaintiff(s) in the above-captioned action, allege(s) as follows:

**JURISDICTION**

1. This is a civil action seeking judgment, relief and/or damages brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, as amended, for discrimination based upon a disability and the failure to accommodate same. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343(4).

**PARTIES**

2. a. Plaintiff: DANIEL PINKOWSKI

Address: 27 BOYLSTON STREET
GLENS FALLS, NY
12801 518-409-8030

b. Plaintiff: DONNA PINKOWSKI

Address: 27 BOYLSTON STREET
GLENS FALLS,NY
12801

Additional Plaintiffs may be added on a separate sheet of paper.

# DEFENDANTS

6.A., CITY OF GLENS FALLS, N.Y.
42 RIDGE STREET
GLENS FALLS,N.Y. 12801

6.B., KLW MUNICIPAL INC.
ROBERT KOSZAREK, PRESIDENT
247 CAYUGA ROAD
BUFFALO, N.Y. 14225

6.C., BOARD OF ASSESSMENT REVIEW
BENNET F. DRISCOLL
42 RIDGE STREET
GLENS FALLS,N.Y. 12801

6.D., BOARD OF ASSESSMENT REVIEW
MARY PAETSCH
42 RIDGE STREET
GLENS FALLS, N.Y. 12801

6.E. BOARD OF ASSESSMENT REVIEW
MICHELL STEARNS
42 RIDGE STREET
GLENS FALLS,N.Y. 12801

# DEFENDANTS

6.F., BOARD OF ASSESSMENT REVIEW
PETER FIDOPIASTIS
42 RIDGE STREET
GLENS FALLS,N.Y. 12801

6.G., BOARD OF ASSESSMENT REVIEW
PETER McDEVITT
42 RIDGE STREET
GLENS FALLS,N.Y. 12801

6.H., GLENS FALLS CITY, CLERK
GLENS FALLS, ADA COORDINATOR
MEGAN NOLIN
42 RIDGE STREET
GLENS FALLS,N.Y 12801

6.I., CITY ATTORNEY
TAYLOR BASFORD
CITY OF GLENS FALLS
42 RIDGE STREET
GLENS FALLS,N.Y. 12801

# DEFENDANTS

6.J., DANIAH L. CORNELL
42 RIDGE STREET
GLENS FALLS,N.Y. 12801

6.K., ADAM KELLY
DISPATCHER
42 RIDGE STREET
GLENS FALLS, N.Y. 12801

6.L WARREN COUNTY, N.Y.
REAL PROPERTY TAX SERVICE
WARREN COUNTY MUNICIPAL CENTER
1340 US 9
LAKE GEORGE, N.Y. 12845

6.M., CITY OF GLENS FALLS N.Y.
MAYOR DIANA PALMER
42 RIDGE STREET
GLENS FALLS,N.Y. 12801

3. a. Defendant: CITY OF GLENS FALLS,NY

Official Position: CITY

Address: 42 RIDGE STREET

GLENS FALLS,NY

12801

b. Defendant: ______________________

Official Position: ______________________

Address: ______________________________________

______________________________________

______________________________________

Additional Defendants may be added on a separate sheet of paper.

4. My disability is as follows:
MY DISABILITY IS AS FOLLOWS; - TRAUMATIC BRAIN INJURY, POST TRAUMATIC STRESS

DISORDER. BLEPHOROSPASM , CERVICAL DYSTONIA, CHRONIC PAIN, LOSS OF UPPER

EXTREMITY FEELING, ANXIETY, PANIC DISORDER, WHIPLASH SYNDROME.

SEVERE DEGENERATIVE JOINT DISEASE, PINCHED CERVICAL NERVE,

SLEEP PROBLEMS, MEMORY AND ATTENTION PROBLEMS, WORD FINDING

DIFFICULTIES, INCREASED IRRITABILITY. SS DISABILITY ESTABLISHED 11/28/05.

DONNA PINKOWSKI DISABILITY IS AS FOLLOWS; - UNCONTROLLED DIABILITIES,

DEPRESSION, SEVERE DEMENTION.

5. The conduct complained of in this action involves:
(Check all that apply)

(A) ☐ Failure to employ.

(B) ☐ Termination of employment.

(C) ☑ Denial of participation in public service or program.

(D) ☐ Failure to make alterations to accommodate disability.

(E) ☑ Retaliation.

(G) ☑ Other acts as specified below:
VICTIMIZATION OF PERSODS WITH TRAUMATIC BRAIN INJURY OR OTHER DISABILITIES. THREATS, INTIMIDATION, INTERFERANCE, EMOTIONAL ABUSE, INCLUDING VERBAL ATTACKS OR BEING HUMILIATED.

6. **FACTS**

On the following page, set forth the facts of your case which substantiate your claim of discrimination. List the events in the order they happened, naming defendants involved, dates and places.

**Note:** Each fact should be stated in a separate paragraph; paragraphs should be numbered sequentially.

You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint.

You may use additional sheets as necessary.

IN 2013 WE PURCHASED A NEW HOME IN THE CITY OF GLENS FALLS, N.Y.. DURING THE FIRST YEAR, MAJOR ISSUES. CAME UP. WE NOTIFIED THE NYS BUILDING AND FIRE CODES. AN INSPECTOR FOUND MAJOR PROBLEMS. THE CITY REFUSED TO HELP. FRAUDULENT CERTIFICATE OF OCCUPANCY, FRAUDULENT SURVEY. FOUNDATION ISSUES, STRUCTURAL ISSUES, DRAINAGE ISSUES. WE CORRECT WHAT WE COULD.

THE REASSESSMENT OF PROPERIES FOR 2026, I SUBMITTED A COMPLAINT FOR PERMANENT DEFECTS.

HEARINGS WITH THE SOLE ASSESSOR, ROBERT KOSZAREK, PRESIDENT OF KLW MUNICIPAL INC. MR.KOSZAREK, STATED THAT HE DID NOT HAVE THE MONET TO HIRE A PROFFESSIOL ENGINEER TO INSPECT AND GIVE A COST TO REPAIR THE DEFECTS. I TOLD HIM TO DO HIS JOB. HE STATED THAT I WAS THREATENING HIM, AND WE WERE DONE.

VIOLATION, REFUSED TO DO HIS REQUIRED WORK.

6.A FACTS

DEFENANT – THE CITY OF GLENS FALLS
42 RIDGE STREET
GLENS FALLS,N.Y. 12801

1. THE REASSESSMENT OF PROPERTIES FOR 2026.
3/17/2026, I SUBMITTED MY COMPLAINT OF THE PERMANENT DEFECTS OF OUR HOME TO THE SOLE ASSESSOR, AND THE PRESIDENT OF KLW MUNICIPAL INC., AT CITY HALL. THE STRUCTURAL DEFECTS, FOUNDATION ISSUES, DRAINAGE ISSUES, NO SIDEWALKS, OR STREETS THAT MEET STANDARD WIDTHS

2. THE 2026 REASSESSMENT, REQUIRES THE SOLE ASSESSOR, TO TAKE INTO ACCOUNT OF PERMANENT DEFECTS. I STATED THAT IT'S REQUIRED AND I AM ENTITLED TO DUE PROCESS, AND ACCESS TO PUBLIC PROGRAMS AND SERVICES. THIS IS DISCRIMINATION UNDER THE AMERICAN DISABILITY ACT.

THE CITY OF GLENS FALLS,NY.,

3. VIOLATION, ALLOWED THEIR SOLE ASSESSOR, AND THE REASSESSMENT COMPANY TO DISCRIMINATE AGAINST US. DENYING ACCESS TO PUBLIC SERVICES.

4. BOTH ADMITTED HAVING NO TRAING IN THE ADA REGULATIONS. INTIMADATING AND INTERFERANCE, DEFRAUDING AN ELDERLY DISABLED COUPLE.

THE CITY OF GLENS FALLS

5. VIOLATION, THE CITY OF GLENS FALLS,NY, DID NOT APPOINT COMPETENT MEMBERS ON THE BOARD OF ASSESSMENT REVIEW.

6. THE LETTER OF 5/11/2026 AND THE COMPLETE GREIVANCE FORM RP-524 WAS SUBMITTED TO THE BOARD. I WAS THE FIRST TO BE HEARD AT CITY HALL. I ASKED IF ALL MY SUBMISSIONS WERE LOOKED AT, I WAS TOLD BY THE CHAIR WOMAN, YES. ALL MEMBERS CERTIFIED? THE ANWSER WAS, YES. INTO THE MEETING THE CHAIR WOMAN ASKED IF I COULD SUBMIT PICTURES BY MORNING. I INFORMED HER THAT I SUBMITED A NUMBER OF PICTURES. ONE MEMBER ASKED WHAT HE WAS LOOKING AT. I TOLD HIM ALL PICTURES WERE MARKED, BUT THE ONE HE WAS LOOKING AT WAS THE REPAIR ORDERED BY THE ENGINEER, TO PREVENT THE HOUSE FROM COLLAPSING.

7. I DID STATE THAT BENNET DRISCOLL WAS NOT COMPETENT. DRISCOLL WAS ASKED WHY THIS AREA OF THE CITY WAS LACKING CURBS AND SIDE WALKS.

HE STATED THE RESIDENTS DID NOT WANT THEM. RESIDENTS DO NOT DECIDE.

VIOLATION, THIS IS A REQUIREMENT UNDER THE ADA.

8. DRISCOLL IS A SUPERVISOR OF WARD 5 IN WARREN COUNTY. HE IS ONE OF PUBLIC OFFICIALS THAT ALLOWED THIS, AND HAS A DEFINITE CONFLICT.

9. VIOLATION, DEFRAUDING A DISABLED COUPLE FROM GETTING THE REAL COSTS TO ESTABLISH COSTS OF THE PERMANENT DEFECTS, WHICH WOULD REDUCE OUR ASSESSMENT.

10. VIOLATION, DISCRIMINATION, DENIEING US ACCESS TO GOVERNMENT SERVICES AND PROGRAMS AND DUE PROCESS, WHICH WE ARE ENTITLED TO.

11. VIOLATION, THE CHAIRWOMAN STATED THAT THE BOARD ONLY DEALS WITH SQUARE FOOTAGE. NOT TRUE.

THE CITY OF GLENS FALLS,NY.

ADOPTED THE ADA REQUIREMENTS IN 2023. FEDERAL

12. ON THE WEB SITE IT SAYS " CALL " THE CITY CLERK.

13. I HAVE ASKED FOR THE ADA COORDINATOR FOR TRAINING RECORDS, NO RESPONSE. THERE ARE NO REQUIRED POSTINGS OR INFORMATION FOR THE ADA, IN CITY PUBLIC AREAS.

14. VIOLATION, SINCE 2023 HOW MANY PEOPLE HAVE BEEN TRAINED? FAILING TO ENFORCE ADA REGULATIONS.

15. THE CITY HAS NOT HIRED AN EXPERIANCED MUNICIPAL ATTORNEY OR FIRM THAT CAN GUIDE THE CITY.

16. THE CITY BELIEVES IN HOME RULE.

17. IGNORING, THE STATE, AND FEDERAL CONSTITUTION.

DANIEL PINKOWSKI
[signature], 9-30-2026

DONNA PINKOWSKI
[signature] 9/30/2026

STATE OF NEW YORK
**DEPARTMENT OF STATE**
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001

ANDREW M. CUOMO
GOVERNOR

CESAR A. PERALES
SECRETARY OF STATE

Daniel Pinkowski
27 Boylston St.
Glens Falls NY 12801

This letter is a summary of steps taken in response to your complaint filed with this office on August 12, 2014, pertaining to your home at the above mentioned address.

Upon receipt and review of your complaint I visited your home to inspect the items in the complaint. At that time you highlighted the list of items you felt were in violation of the code. These items included the exterior grading, basement slab drainage and installation, basement insulation, duct work and several additional items in the home. During the time of my inspection we also found an illegally installed dryer vent, and support posts under the center bearing beam.
As you had previously been in contact with the City of Glens Falls, Mayor, Attorney and Building Inspector, I felt it would be best to set up a meeting with all parties from the City.

During the meeting I reviewed the list of violations and addressed some of the poor workmanship issues with your home. I informed the City that they should review there procedures to prevent these types of issues in the future. I also informed them that the items found in your home should be addressed by the City Building Department and corrected by the contractor of record and that the code violations should be re-inspected.

At that time Mr. Buxton, the City CEO, provided me a letter he received from you outlining the code violations and the steps you had taken to correct them. The City Attorney stated that as the violations had been corrected the city would take no further action and that you should seek legal counsel to recoup your costs from the contractor.

As the City of Glens Falls Issued a Building Permit for the home, they should have inspected the home during construction to see that it was constructed to the plans and specifications submitted. I feel to a certain extent they failed to do that, however the ultimate responsibility to comply with all codes rules and regulations lies on the permit applicant.

To summarize I feel your best course of action would be to seek damages from the contractor in hopes of recouping the costs you incurred to make the home correct and compliant.

Whitney K Russell
CCSII
NYS, Department of State,
Division of Building Standards & Codes

# N.Y. Real Property Tax Law Section 523 Board of assessment review

1. (a) In each local government there shall be a board of assessment review. In each village, except a village which has enacted a local law as provided in subdivision three of § 1402 (Village assessment status), there may be a board of assessment review constituted pursuant to this section.

(b) The board of assessment review shall consist of not less than three nor more than five members appointed by the legislative body of the local government or village or as provided by subdivision five of § 1537 (Optional county services), if applicable. Members shall have a knowledge of property values in the local government or village. Neither the assessor nor any member of his or her staff may be appointed to the board of assessment review. A majority of such board shall consist of members who are not officers or employees of the local government or village.

(c) The terms of office of members of the board of assessment review shall be five years and shall commence on the first day of October and terminate on the thirtieth day of September, five years thereafter. In the case of the first board appointed under the provisions of this title, however, the terms shall be of such length that not more than one will expire in each of the first five years after the members of such board are appointed.

(d) Each member of a county, city or town board of assessment review shall attend the training required by subdivision two of this section. Individual members of a village board of assessment review, as constituted pursuant to this section, may attend the course of training offered by the commissioner but are not required to do so.

(e) The members of the board of assessment review shall annually choose one of their number to serve as chairman of such board. Within five days after a person is so designated, the board of assessment review shall notify the clerk of the local government of the designation.

(f) Within twenty days of when a person is appointed to the board of assessment review or designated chairman of such board, the clerk of the local government

shall notify the commissioner and the county director of real property tax services of the appointment or designation.

(g) The legislative body of the local government or village may adopt a resolution providing that the members of the board of assessment review shall be paid for their respective services. Such resolution, if adopted, shall fix the amount of such compensation.

(h) The board of assessment review in Nassau county may appoint a secretary who shall perform such confidential duties and such other duties as are necessary to enable the board of assessment review to properly and efficiently carry out the provisions of this title. The compensation of such secretary shall be fixed by the legislative body of the local government.

2. Training.

(a) Upon the initial appointment or reappointment of an individual to a board of assessment review, that appointee shall attend a training course as shall be prescribed by the commissioner. The commissioner shall prescribe an introductory training course for initial appointees and a supplementary training course available to all members of boards of assessment review. Neither training course shall extend beyond four hours in length. The introductory training course shall include, but shall not be limited to, the functions, duties and responsibilities of the board of assessment review, assessment review, assessment procedures, and exemption administration. The supplementary training course shall include but shall not be limited to real property tax legislation, judicial decisions, and administrative opinions.

(b) The commissioner may delegate to county directors of real property tax services the responsibility of locally administering and offering both the introductory and supplementary training courses as prescribed by the commissioner. In prescribing the supplementary training course, the commissioner, in consultation with the county director of real property tax services, may address the educational needs of each county in the course to be offered in such county. The commissioner shall prepare a certificate of attendance for each appointee or incumbent member who attends an introductory or supplementary training course, a copy of which must be filed with the clerk of the local government. The commissioner may delegate to the county director of real property tax services the responsibility to prepare and file the certificates of attendance.

(c) In the event that an appointee shall have been unable to attend the course of training for reasons beyond his control, as may be attested to by the county director, the commissioner may issue a notice of extension enabling the appointee to attend such course at the earliest date when such course is next available as specified by the commissioner. The commissioner shall notify each such appointee of the notice of extension and the commissioner shall also file a copy of such notice with the county director of real property tax services and with the clerk of the appointing local government. In determining whether a quorum is present at a

meeting of a board of assessment review, members of such board who have not attended the course of training and for whom the certificate of attendance has not been filed as required herein, or for whom a notice of extension has not been issued and filed as provided herein, shall not be counted and may not participate in the hearing and determination of complaints. Where a quorum of the board is not present at any meeting by reason of the provisions of this subdivision, complaints shall be filed and heard and assessments determined in accordance with the provisions of § 527 (Failure to meet for purpose of hearing complaints and ratifying stipulated assessments).

**(d)** For the purpose of this subdivision, the term "appointee" shall include any individual appointed or reappointed to the board of assessment review.

**3.** Members appointed to the board of assessment review shall be required to disclose on a form prescribed by the commissioner any direct or indirect interest they have in any property for which a complaint has been filed. Such disclosure shall be filed with the chief executive officer of the taxing district for which they serve, on or before the date when the board submits the statement of assessment changes pursuant to subdivision three of § 525 (Hearing and determination of complaints and ratification of assessment stipulations). In the situation where there is a direct or indirect interest, a municipality may enter into an inter-municipal agreement with another municipality in the county to permit hearing of the complaint in the other municipality. Any member of a board who knowingly and intentionally fails to disclose such interest shall be subject to a civil fine of one thousand dollars for each such omission with respect to property for which a complaint has been filed. The chief executive officer of the assessing unit may recover in the name of such assessing unit in a civil action commenced in any court of competent jurisdiction such civil penalty in addition to any actual damages incurred by the assessing unit. Any recovery shall be deposited to the general fund of the assessing unit. For purposes of this subdivision, a member of a board of assessment review shall be deemed to have a direct or indirect interest in any property for which a complaint has been filed when the member, spouse, or any of his or her minor children:

**(a)** is the owner of such property; or

**(b)** is an officer, director, partner or employee of an entity which is an owner or lessee of such property; or

**(c)** is an officer, director, partner or associate of a law firm or real estate firm which has a financial interest with the owner or lessee of such property; or

**(d)** legally or beneficially owns or controls stock of a corporation which is an owner or lessee of such property, provided, however, ownership of stock shall not constitute an interest where such stock is listed on a major stock exchange or is sold on the over the counter market and the value thereof is less than ten thousand dollars.

Copilot Search

## ADA Title II and Medical Information Requirements

Under **Title II of the Americans with Disabilities Act (ADA)**, which applies to state and local government services, there is **no general requirement for a complaintant to provide medical information** as part of a complaint. The ADA's Title II regulations focus on **prohibiting discrimination** and ensuring **access and effective communication** for people with disabilities, but they do not mandate that complainants disclose medical details.

### Where medical information may be relevant

The only Title II regulation that explicitly addresses medical diagnostic equipment is **28 CFR § 35.210–35.219** (Subpart I, "Accessible Medical Diagnostic Equipment") eCFR . These rules require public agencies to:

- Provide **accessible medical diagnostic equipment** (e.g., for vision, hearing, mobility, or other disabilities).
- Ensure **qualified staff** are available to operate such equipment.
- Maintain **existing equipment** in accessible condition.

If a complaint involves **inaccessible medical diagnostic equipment** or related service denial, the agency may request **medical information** to determine whether the equipment is needed and whether it meets accessibility standards. In such cases, the request is limited to what is necessary to assess compliance, and the information must be handled in accordance with **29 CFR § 1630.14** (for employment-related medical inquiries) or similar confidentiality rules.

### General ADA Title II compliance

For other Title II complaints (e.g., access to programs, services, or communications), the ADA does not require complainants to provide medical records. Instead, the focus is on whether the service or program is accessible and whether auxiliary aids or services are provided .

### Key points for a complaintant

- **No obligation to disclose medical information** unless the agency specifically requests it and it is relevant to the ADA's program access or service provision requirements.
- If medical information is requested, it should be provided only to the extent necessary and in a way that protects privacy.
- If the request is for medical diagnostic equipment access, the agency must follow the **accessible equipment rules** and confidentiality standards.

**In summary:** ADA Title II does not require a complaintant to give medical information. Medical data may only be requested in specific, narrow circumstances—such as proving a need for accessible diagnostic equipment—and must be handled in compliance with applicable confidentiality rules .

Read less

eCFR :: 28 CFR Part 35 -- Nondiscrimination on the Basis of...

ADA Title II Regulations — All 48 Sections of 28 CFR Part 35, Explain...

29 CFR § 1630.14 - Medical examinations and inquiries...

Including results for ada title ii **regulations** for a **complainant** to give medical information.
Do you want results only for ada title ii regulation for a complaintant to give medical information?

https://www.ada.gov › law-and-regs › regulations

Americans with Disabilities Act Title II Regulations

Deep dive into ada title ii...

title **2** of ada **liability**

ada title **2 disability**

Copilot Search

# ADA Violations in New York State: Sidewalks, Curbs, Drainage, and Emergency Access

Under the **Americans with Disabilities Act (ADA)**, Title II requires state and local governments to make their programs, services, and facilities accessible to people with disabilities ADA.gov . This includes **sidewalks, curb ramps, drainage, and street widths** that allow safe and effective access for all pedestrians, including those with mobility devices.

## ADA Requirements for Streets and Sidewalks

- **Sidewalks and curb ramps**: The ADA mandates that pedestrian facilities in public rights-of-way be readily accessible. The **Accessibility Guidelines for Pedestrian Facilities in the Public Right-of-Way** (36 CFR Part 1190) set technical standards for slope, width, and surface conditions eCFR .
- **Street width for emergency vehicles**: While the ADA does not directly regulate street width for emergency vehicles, **New York State Vehicle and Traffic Law (VTL) § 120** requires that streets be wide enough to allow emergency vehicles to pass safely. This is a separate but related accessibility and safety requirement.
- **Drainage**: ADA-compliant sidewalks and streets must be free of trip hazards and have adequate drainage to prevent water accumulation that could impede mobility ADA.gov .

## Consequences of Non-Compliance

Failing to meet ADA requirements for sidewalks, curbs, or street access can lead to:

- **Legal action**: Class-action lawsuits and settlements have been common in cities with widespread ADA violations, such as Baltimore, Philadelphia, and Portland ADA Solutions - Tactile Warning Surfaces +1 .
- **Financial penalties**: Cities have agreed to multi-million-dollar settlements to repair or replace inaccessible infrastructure ADA Solutions - Tactile Warning Surfaces .
- **Enforcement**: The U.S. Department of Justice can require municipalities to make changes or face legal liability.

## How to Address the Issue in NYS

1. **Self-evaluation**: Local governments must conduct ADA self-evaluations to identify deficiencies ADA.gov .
2. **Infrastructure improvements**: Install ADA-compliant curb ramps, widen sidewalks, and ensure drainage is adequate.
3. **Emergency vehicle access**: Coordinate with local law enforcement to ensure streets meet VTL § 120 requirements.
4. **Public reporting**: Share ADA compliance status and improvement plans with the public.

## Key Takeaway

If a New York State municipality lacks sidewalks, curb ramps, proper drainage, or street widths for emergency vehicles, it may be violating both **ADA Title II** and **VTL § 120**. Residents can report violations to the **NY State Department of Transportation** or the **U.S. Department of Justice ADA Information Line** for guidance and enforcement ADA.gov .

Read less ^

ADA.gov

**The ADA and City Governments: Common Problems - ADA.gov**

https://www.ada.gov/resources/ada-city-governments/

eCFR

**eCFR :: 36 CFR Part 1190 -- Accessibility Guidelines for Pedestrian ...**

https://www.ecfr.gov/current/title-36/chapter-XI/part-1190

**Show All**

# NYS RPTL §523 Training Requirements for 2026

Under **New York State Real Property Tax Law §523**, the Board of Assessment Review (BAR) is a statutory body in each county, city, or town, and in eligible villages. Members must meet certain qualifications and, in some cases, complete training.

### Who must attend training

- **County, city, or town BAR members** — *must* attend the training required by subdivision (2) of §523.
- **Village BAR members** (if constituted under §523) — may attend the commissioner's course but are **not required** to do so NewYork.Public.Law +1 .

### Training content and administration

- The training is administered by the **New York State Department of Taxation and Finance (DTCF)** through its **Office of Real Property Tax Services**.
- The **Educational Services unit** runs the **New York State Assessment Certification Program**, which includes courses for county RPT directors, assessors, real property appraisers, and assessor candidates Department of Taxation and Finance .
- Training is also available and encouraged for county and local assessment staff Department of Taxation and Finance .

### 2026 context

- The law's current text (as of Jan. 1, 2026) retains the requirement for county, city, and town BAR members to complete the mandated training NewYork.Public.Law +1 .
- The DTCF's training schedule and registration are updated annually; for 2026, you can register via the DTCF's training portal or through approved educational service providers Department of Taxation and Finance .
- Continuing education and certification requirements apply to assessors, appraisers, and candidates, and may include components relevant to BAR members Department of Taxation and Finance .

### Key points for compliance

- If you are a county, city, or town BAR member, you must complete the required training within the timeframe set by the DTCF.
- Village BAR members have flexibility but may benefit from attending to stay current on assessment practices.
- Training may be eligible for reimbursement for assessors and county RPT directors; forms are available in the DTCF voucher packet Department of Taxation and Finance .

### Next steps

- Check the DTCF's training schedule for 2026 to confirm dates, formats (in-person, online, hybrid), and registration deadlines.
- If you are a BAR member, ensure your training is completed before your term begins or before the commissioner's deadline.
- For village BAR members, consider attending to enhance your knowledge and credibility.

NewYork.Public.Law

**N.Y. Real Property Tax Law Section 523 – Board of assessment review (2026)**

FindLaw

**New York Consolidated Laws, Real Property Tax Law - RPT - 523 | FindLaw**

Department of Taxation and Finance

**Training - NYS Department of Taxation and Finance**